IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SALEENA BOWEN, as Personal Representative
of the Estate of JESS ENDICOTT, SR., deceased,
and as Personal Representative of the Estate
of JESS ENDICOTT, JR., deceased,

        Plaintiff,

v.                      CIVIL ACTION NO.  3:12-9226

NORFOLK SOUTHERN RAILWAY COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff/Counterclaim Defendant's Rule 46 Objection to Order of the Court [Entered on December 13, 2013], ECF No. 93, in which Plaintiff/Counterclaim Defendant again moves the Court to "set a deadline for the renewal of her previously filed Motions for Summary Judgment." Defendant filed a Response in Opposition, ECF No. 94. The Court again **DENIES** Plaintiff/Counterclaim Defendant's motion to "set a deadline for the renewal of her previously filed Motions for Summary Judgment."

Per the Amended Scheduling Order entered on June 18, 2013—which was agreed to and jointly submitted by the parties[1]—, all dispositive motions were due by December 1, 2013. ECF No. 60. On November 26, 2013, Defendant filed a Motion to Exceed Page Limitation, which twice requested that the Court allow Defendant to file a 25-page memorandum of law in connection with its forthcoming motion for summary judgment "on December 2, 2013." ECF No. 79. On

---

[1] The electronic signature of counsel for Counterclaim Defendant is appended to the Order.

December 2, 2013, Defendant filed its motion for summary and partial summary judgment. ECF Nos. 81, 83. Plaintiff/Counterclaim Defendant filed no request for extension despite this activity in the case and the passage of the pre-arranged dispositive motion deadline. On December 3, 2013, Plaintiff/Counterclaim Defendant filed her Motion to Set Deadline for Renewing Previously Filed Motions for Summary Judgment. ECF No. 85. The Court denied this Motion in its Order dated December 13, 2013. ECF No. 92.

In her Rule 46 Objection, Plaintiff/Counterclaim Defendant contends that the Court "may have been mistaken or confused" as to Plaintiff/Counterclaim Defendant's role in the case—that she is not merely Plaintiff in the case, but that she is also a counterclaim defendant. Plaintiff/Counterclaim Defendant also clarifies that in each of her disparate roles in the case—Plaintiff and Counterclaim Defendant—, she is represented by separate counsel. At the time of its entry of its Order on December 13, 2013, the Court was aware of both of these facts. Neither, however, changes the reality that Plaintiff/Counterclaim Defendant remains a single party in the case.

Next, Plaintiff/Counterclaim Defendant reiterates her position that the discovery completion deadline had been moved back by informal agreement of the parties. However, the discovery completion deadline and the dispositive motion deadline are two different deadlines, and Plaintiff/Counterclaim Defendant does not allege that the latter was changed by informal agreement. Further, the parties have no authority to change the dispositive motion deadline by informal agreement. Local Rule of Civil Procedure 16.1(f)(1) ("Time limits in the scheduling order for the . . . filing of motions . . . may be modified for good cause by order."), 16.1(f)(3) ("A private agreement to extend discovery beyond the discovery completion date in the scheduling

order will be respected by the court *if the extension does not affect . . . other dates and deadlines specified in subparagraph (1).*" (emphasis added)). Additionally, counsel defending Plaintiff/Counterclaim Defendant on a counterclaim was not involved in scheduling the depositions set to take place after the discovery deadline and gives no indication that it ever planned to use those depositions in its planned motions for summary judgment. In fact, Plaintiff/Counterclaim Defendant repeatedly states that all she planned to do was *renew* her previously filed motions. In her Rule 46 Objection, Plaintiff/Counterclaim Defendant repeatedly distinguishes between counsel representing her in each of her roles. Here, counsel for Plaintiff/Counterclaim Defendant in her role as *Plaintiff* planned to depose Defendant's experts; counsel in her role as *Counterclaim Defendant* produces no showing of why the summary judgment motions required the completion of the depositions before the motions were filed. Most importantly, Plaintiff/Counterclaim Defendant took no action to extend the dispositive motion deadline before it passed. Renaming a motion to extend a deadline will not change the nature of the motion, and a renewed motion for summary judgment remains a dispositive motion. Thus, the renewed summary judgment motions or the motion to extend the dispositive motion deadline were due to be filed on or before the dispositive motion deadline. Plaintiff/Counterclaim Defendant failed to meet this deadline.

For the reasons above, the Court **DENIES** Plaintiff/Counterclaim Defendant's motion to "set a deadline for the renewal of her previously filed Motions for Summary Judgment" as made in Plaintiff/Counterclaim Defendant's Rule 46 Objection to Order of the Court [Entered on December 13, 2013], ECF No. 93.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:	December 20, 2013

_____
ROBERT C. CHAMBERS, CHIEF JUDGE