# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

SALEENA BOWEN, as Personal Representative
of the Estate of JESS ENDICOTT, SR., deceased,
and as Personal Representative of the Estate
of JESS ENDICOTT, JR., deceased,

        Plaintiff,

v.                                    CIVIL ACTION NO.   3:12-9226

NORFOLK SOUTHERN RAILWAY COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff's Motion in Limine to Exclude Evidence of Intoxication or Impairment by Alcohol, ECF No. 97, and Defendant's Motion for Leave to Submit Supplemental Response, ECF No. 111. Defendant's Motion is **GRANTED**. For the reason below, Plaintiff's Motion is **DENIED**.

This wrongful death action arises from collision between a truck and a train which killed both occupants of the truck: Jess Endicott, Sr., and his adult son, Jess Endicott, Jr. The elder Endicott was the driver of the truck and the younger was his passenger. The Complaint alleges that Defendant—the owner and operator of the train—is liable for the deaths of the decedents and seeks compensatory and punitive damages. Defendant filed counterclaims against both estates, seeking implied indemnity and contribution based upon the alleged negligent actions of both decedents, including "the negligent operation of the vehicle at issue, the negligent entrustment of the

operation of the vehicle at issue, and the negligent failure of the passenger to warn of an oncoming train at the time of the incident." Def.'s Answer & Counterclaim 14, EFC No. 9.

The accident occurred on March 19, 2011, at around 1:51 p.m. W. Va. Uniform Traffic Crash Report, ECF No. 97-1. That same day, blood was collected from the elder Endicott's body at 7:15pm and from the younger Endicott's body at 6 p.m. Jess Endicott, Sr., Death Investigation Report 2, ECF No. 111-1; Jess Endicott, Jr., Death Investigation Report 2, ECF No. 111-1. The blood was later tested, finding that Jess Endicott, Sr., had a blood alcohol content ("BAC") of 0.04% and that Jess Endicott, Jr., had a BAC of 0.16%. Jess Endicott, Sr., Toxicology Report, ECF No. 111-1; Jess Endicott, Jr., Toxicology Report, ECF No. 111-1.

Plaintiff moves to exclude "evidence that [the decedents] were intoxicated or impaired by alcohol at the time of the incident"[1] because the decedent's blood samples were not taken within the two- hour period delineated in West Virginia Code § 17-5-8(a) and (g). Mem. Supp. Pl.'s Mot. Exclude 1-2, ECF No. 98. Section 17-5-8(a) states,

> [U]pon the trial of any civil or criminal action arising out of acts alleged to have been committed by any person driving a motor vehicle while under the influence of alcohol, . . . evidence of the amount of alcohol in the person's blood at the time of the arrest or of the acts alleged, as shown by a chemical analysis of his or her blood or breath, is admissible, if the sample or specimen was taken within the time period provided in subsection (g).

Section 17-5-8(g)(1) states, "For the purposes of the admissibility of a chemical test under subsection (a)[] [a] sample or specimen taken to determine the alcohol concentration of a person's blood, must be taken within two hours from the time of the person's arrest."

Section 17-5-8 is simply inapplicable to this case. By its terms, § 17-5-8 does not apply to a passenger, such as Jess Endicott, Jr., and the two hour period for the collection of the blood of Jess

---

[1] To the extent that Plaintiff moves to exclude evidence other than the evidence of the BAC of each decedent, Plaintiff's Motion is **DENIED**, since such other evidence is not discussed in Plaintiff's Motion.

Endicott, Sr., would never have begun to run in this case given that there was no triggering "arrest." The controlling statute is West Virginia Code § 17C-5B-1, which states,

> When any motor vehicle driver or adult pedestrian dies in a motor vehicle accident in this State . . . , the medical examiner . . . shall conduct, . . . within twelve hours after receiving . . . notice [of the death] and before the dead body is embalmed, a blood test to determine the presence and percentage concentration of alcohol in the blood of such dead body.

Section 17C-5B-2 then states, "Results of [a] blood test [conducted under the authority of section one of this article] or any report thereof may be admissible in evidence, if material, in any action or proceeding of any kind in any court or before any tribunal, board, or agency."

Under the controlling authority of the proper statutes, §§ 17C-5B-1 and -2, the collection of blood from the bodies of Jess Endicott, Sr., and Jess Endicott, Jr., for blood alcohol testing was completed within the applicable period of time: 12 hours. Thus, Plaintiff's Motion in Limine to Exclude Evidence of Intoxication or Impairment by Alcohol, ECF No. 97, is **DENIED**. Further, Defendant's Motion for Leave to Submit Supplemental Response, ECF No. 111, is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                                              ENTER:       January 14, 2014

                                              ROBERT C. CHAMBERS, CHIEF JUDGE